CINCINNATI (CITY), Plaintiff-Appellee, v LEVINE, Defendant-Appellant.

Ohio Appeals, First District, Hamilton County.

No. 6792.   Decided June 16, 1947.

76

John D. Ellis, Cincinnati, Robert J. Paul, Cincinnati, and Ralph E. Cors, Cincinnati, for plaintiff-appellee.

Benjamin S. Schwartz, Cincinnati, and Harry M. Wasserman, for defendant-appellant.

## OPINION

By ROSS, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas affirming a conviction of the defendant in the Municipal Court of Cincinnati.

The affidavit presented as a predicate for the prosecution of defendant contained the following language:

"Benjamin F. Schaefer, being first duly cautioned and sworn, deposeth and saith that one Abe Levine, being a pawn broker, on or about the 3rd day of July, 1946, at and in the City of Cincinnati, County of Hamilton, and State of Ohio, did unlawfully, wilfully sell to one Fred Davis, a certain firearm, to-wit: 25 caliber Walthers Automatic pistol, such weapon being a firearm other than a shotgun or rifle manufactured for hunting and sporting purposes, contrary to and in violation of Section 718-8 of the Code of Ordinances of the City of Cincinnati."

Section 718-8 of the Code of Ordinances of the City of Cincinnati provides:

"RESTRICTIONS ON PAWNBROKERS.—If a dealer licensed under the provisions of Section 718-7 carries on the

business of pawnbroker or second-hand dealer, it shall be unlawful for him to sell any firearms or dangerous weapons except shotguns and rifles of regulation size manufactured for hunting and sporting purposes only."

The evidence showed conclusively that the defendant was a licensed pawnbroker, but was not a licensed **"retail dealer in firearms."**

Section 718-7 of the Code of Ordinances of the City of Cincinnati provides:—

"DEALERS IN WEAPONS TO BE LICENSED—Every retail dealer in firearms, ammunition for firearms, or dangerous weapons, shall pay a license fee of fifty dollars ($50.00) per annum, and such license may be granted by the city manager upon written application of any such dealer. Where a dealer deals only in shotguns and rifles of regulation size manufactured for hunting and sporting purposes only, and the ammunition therefor, the annual license fee shall be the sum of ten dollars ($10.00). The application shall set forth the place of business of the applicant, the nature of the business, the names of all the partners, if a partnership, and the names of all officers, if a corporation. The city manager may authorize the city treasurer to issue a license to the applicant, if he is satisfied that the applicant is of good repute in the conduct of such business, and that the conduct of such business will not be detrimental to the public safety and welfare."

It is argued by the prosecution that the defendant, being a pawnbroker, could not sell a small firearm, and he is guilty under Section 718-8 of the Ordinances of the City of Cincinnati, because he did so. The evidence sustains such sale.

However, the ordinance specifically states that the offense only occurs—where a "dealer licensed under the provisions of Section 718-7" makes the same, when he is also carrying on the business of a pawnbroker. The prosecution was bound, therefore, to prove (1) that the defendant was a licensed retail dealer in firearms (2) that he was a pawnbroker or second-hand dealer (3) that he sold a small firearm. It is apparent that the prosecution failed to sustain the first requirement.

In 12 O. Jur. p. 55, Sec. 12, Criminal Law, it is stated:

"A statute defining a crime or offense cannot be extended, by construction, to persons or things not within its descriptive terms, though they appear to be within the reason and spirit

of the statute. Nor can a penal statute be extended by implication to cases not falling within its terms. Persons cannot be made subject to a statute by implication. Only those transactions are included which are within both its spirit and letter; and all doubts in the interpretation of a statute are to be resolved in favor of the accused. An act, to be punishable, as a crime in Ohio, must be specifically embraced within the terms of some statute."

See, also, City of Cleveland v Jorski, 142 Oh St 529.

It may be that the City Council intended to cover the instant situation. The outstanding consideration is that the ordinance, used as a predicate for the prosecution, does not cover the facts proved, and there can be no conviction where it is necessary to extend the scope of the ordinance by implication to cases not falling within its terms.

For these reasons, the judgments of the Court of Common Pleas and Municipal Court must be reversed, and judgment here rendered for the defendant.

MATTHEWS, PJ, ROSS and HILDEBRANT, JJ, concur in Syllabus, Opinion and Judgment.